IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LUIS ALBERTO PENA and
JAMES EUGENE AVERY,

    Plaintiffs,

v.                                           Civ. No. 24-960 GJF/GBW

DEBBIE ANTONETTE VASQUEZ, *et al.*,

    Defendants.

## ORDER DENYING PLAINTIFFS' MOTION FOR SUBSTITUTED SERVICE BY PUBLICATION WITHOUT PREJUDICE

THIS MATTER is before the Court on Plaintiffs' Motion for Substituted Service by Publication. *Doc. 36.* In the Motion, Plaintiffs ask for leave to serve Defendant Debbie Antonette Vasquez by publication in the State of New Mexico. *See id.* In support of their request, Plaintiffs submit an affidavit detailing multiple unsuccessful attempts to personally serve Defendant Vasquez at various addresses. *See id.* at 3-5. Individuals encountered at those addresses either indicated that Defendant Vasquez no longer resided there or stated that they did not know her. *See id.* Having reviewed the Motion, the applicable law, and being otherwise fully informed, the Court will DENY it WITHOUT PREJUDICE.

Rule 4 of the Federal Rules of Civil Procedure authorizes service on an individual by methods permitted by state law in the state where the district court is located. Fed. R. Civ. P. 4(e)(1). Pursuant to the New Mexico Rules of Civil Procedure, service by

1

publication may be permitted upon motion, without notice, and upon a showing by affidavit that service cannot reasonably be accomplished through the other methods provided in Rule 1-004.  *See* NMRA 1-004(J), (K).  To satisfy this standard, a party must demonstrate that service was attempted in accordance with the procedures set forth in Rule 1-004(F).  *See Soto v. Vill. of Milan Police Dep't*, 2010 WL 11619168, at *2-3 (D.N.M. Sept. 17, 2010) (unpublished).  While service by publication is generally limited to *in rem* or *quasi in rem* actions, the New Mexico Supreme Court has carved out an exception to this general rule "in [*in personam*] cases where the defendant, being aware that civil action may be instituted against him, attempts to conceal himself to avoid service of process."  *Clark v. LeBlanc*, 593 P.2d 1075, 1076 (N.M. 1979).

In the case at bar, Plaintiffs seek to recover monetary damages from Defendants.  *Doc. 1* at 9.  Their action is therefore *in personam*, and the concealment requirement applies.  Assuming without deciding that Plaintiffs exhausted the methods of service of an individual as described in NMRA 1-004(F)(1)-(3), the Court notes that Plaintiffs' Motion contains neither an allegation nor factual support indicating that Defendant Vasquez has concealed herself to avoid service of process.  *See doc. 36*.  Absent such a showing, service by publication is not appropriate, and the Court will deny Plaintiffs' Motion.[1]

---

[1] The Local Rules of this District require that a movant determine whether a motion is opposed and include in the motion a "recitation of a good-faith request for concurrence." D.N.M.LR-Civ. 7.1(a).  A motion that fails to comply with these requirements may be summarily denied.  *Id.*  Plaintiffs' Motion

2

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Substituted Service by Publication (*doc. 36*) is DENIED WITHOUT PREJUDICE.  The Court recognizes that the effect of its decision is likely to preclude Plaintiffs from serving Defendant Vasquez by publication before its April 28, 2025, deadline for service.  *See doc. 31*.  If Plaintiffs believe that additional time is required to serve Defendant Vasquez, they may move for an extension pursuant to Federal Rule of Civil Procedure 6(b).

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE

---

contains no indication that they sought the position of the Defendants who have already been served.  *See doc. 36*.  While the Court denies the instant Motion on other grounds, Plaintiffs are cautioned that future failures to comply with D.N.M.LR-Civ. 7.1(a) may result in summary denial.